182

**WAGES et al. v. UNITED STATES CIVIL SERVICE COMMISSION.**

No. 10761.

United States Court of Appeals
Sixth Circuit.

Nov. 1, 1948.

William C. Sugg and D. L. Lansden, both of Nashville, Tenn., for appellants.

Ward Hudgins, of Nashville, Tenn., for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

This appeal arises out of the refusal of appellants to answer certain questions propounded at a hearing before the hearing examiner of the United States Civil Service Commission, conducted pursuant to the investigatory powers given the commission under the Hatch Act, 18 U.S.C., § 61*l* [1]. The appellants refused to answer the questions upon the ground, in substance, that the answers might incriminate them. Petitions were filed by the commission for an order requiring each witness to testify under subpoena theretofore issued. Orders to show cause were issued, and after hearing, the District Court ordered each appellant to answer the questions.

The petitions set forth that the commission, believing, as a result of its investigations, that certain administrative and supervisory employees of the State of Tennessee, covered by the provisions of the Hatch Act, "did command, coerce, and advise other such employees in subordinate positions to contribute part of their compensation to a political campaign committee," issued subpoenas to the appellants commanding them to testify as to the facts within their knowledge with reference to persons charged with violation of the Act. None of the appellants was at any time charged with such violation.

The questions were similar, the following question and answer being typical:

"Q. Mrs. Evans, in May or June of 1946, were you requested by any official or employee of the Division of Forestry to make a contribution to the Democratic State Campaign Fund?

"A. I decline to answer."

One appellant was asked whether she had made such a contribution, and also whether she had signed a statement to that effect. Upon advice of counsel appellants refused to answer the questions, on the ground that the answers might incriminate them.

We think the judgment of the District Court was correct and must be affirmed.

The pertinent provisions of the statute are as follows: "No officer or employee of any State or local agency whose principal employment is in connection with any activity which is financed in whole or in part

---

[1] Now 5 U.S.C.A. § 118k.

by loans or grants made by the United States or by any Federal agency shall (1) use his official authority or influence for the purpose of interfering with an election or a nomination for office, or affecting the result thereof, or (2) directly or indirectly coerce, attempt to coerce, command, or advise any other such officer or employee to pay, lend, or contribute any part of his salary or compensation or anything else of value to any party, committee, organization, agency, or person for political purposes. No such officer or employee shall take any active part in political management or in political campaigns. All such persons shall retain the right to vote as they may choose and to express their opinions on all political subjects and candidates. * * * " [18 U.S.C. § 61l(a)].

These provisions plainly do not penalize the payment of money nor make it a criminal act to make a political contribution. The statute neither expressly nor impliedly prohibits contributions either by individuals or by groups. It penalizes the solicitation of contributions under the circumstances detailed therein.

Nor are we impressed by the contention that a contribution is made criminal by the provision that "No such officer or employee shall take any active part in political management or in political campaigns." This plainly includes and refers to executive direction of political campaigns and to such activities as making speeches, distribution of literature, house-to-house canvasses, etc.

We are cited to no court decision upon this point, but we think the meaning and the purpose of the statute is plain. It strikes at the evil presented when an official uses his official authority or influence for the purpose of affecting the result of elections or for the purpose of coercing or influencing his staff and subordinate employees to contribute to political funds. The action of the person who pays the money or makes the contribution is not made criminal, either expressly or in the purpose and intendment of the statute.

Moreover, affirmative answers to the questions propounded would not have tended to show that appellants, or any of them, had solicited or received, or were in any manner concerned in soliciting or receiving any assessment, subscription or contribution for a political purpose, in violation of § 208, 18 U.S.C.[2]

It follows that the appellants could not be incriminated by answering the questions asked. The District Court was clearly correct in issuing the order appealed from, and it is affirmed.